FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -6 I P 4: 24

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

versus

HENRY A. DILLON, III

CRIMINAL ACTION

No. 05-314

SECTION: I/6

## ORDER AND REASONS

Before the Court is the motion of defendant Henry A. Dillon, III, ("Dillon") for review of

Judge Moore's detention order. For the following reasons, defendant's motion is **DENIED**.

On December 2, 2005, Dillon was charged by sealed indictment with two counts of civil

rights violations.[1] Specifically, Dillon was charged with sexually assaulting two women while

acting under color of law in violation of 18 U.S.C. § 242.[2] Defendant made his initial

appearance, with counsel, before United States Magistrate Judge Alma Chasez on December 9,

---

[1]Rec. Doc. No. 1.

[2]Rec. Doc. No. 1.

1

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

2005.[3]  Judge Chasez ordered that defendant be detained pending a detention hearing.

On December 12, 2005, Dillon appeared before United States Magistrate Judge Louis

Moore, Jr., for a detention hearing.  After hearing testimony, Judge Moore determined that

defendant was not entitled to release because he posed a danger to the community.[4]  Judge Moore

also noted that Dillon's "prior conduct suggests a pattern of sexual misconduct" and that "the

testimony indicates that possible witness intimidation has occurred."[5]  Dillon was subsequently

remanded to the custody of the United States Marshals Service.

On December 27, 2005, defendant filed this motion for review of the detention order,

urging that this Court reverse the order of Judge Moore.[6]  Defendant also requested an expedited

hearing.[7]  This Court granted the motion for expedited hearing and ordered that defendant's

motion for review be heard, without oral argument, on January 5, 2006.[8]

18 U.S.C. § 3145(b) allows for the review of a magistrate judge's detention order by the

district court.  The statue requires that "[t]he motion shall be determined promptly."  "When the

district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a

magistrate's pretrial detention or release order, the court acts de novo and makes an independent

determination of the proper pretrial detention or conditions for release."  *United States v.*

---

[3]Rec. Doc. No. 8.

[4]Rec. Doc. No. 12.

[5]Rec. Doc. No. 12.

[6]Rec. Doc. No. 20.

[7]Rec. Doc. No. 19.

[8]Rec. Doc. No. 21.

*Westbrook*, 780 F.2d 1185, 1188 n.4 (5th Cir. 1986); *see also United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).

This independent review, however, does not require a de novo evidentiary hearing. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988) (citation omitted), *cited in United States v. Watkins*, 1998 U.S. Dist. LEXIS 6819, No. 90-427, at *3 (E.D. La. May 7, 1998); *see also United States v. Kyle*, 49 F. Supp. 2d 526, 527 (W.D. Tex. 1999); *United States v. Boado*, 835 F. Supp. 920, 921 (E.D. Tex. 1993); *United States v. Phillips*, 732 F. Supp. 255, 259 (D. Mass. 1990); *United States v. Baker*, 703 F. Supp. 34, 36 (N.D. Tex. 1989). "[B]ased solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct." *King*, 849 F.2d at 490.

If, after a detention hearing, the court determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court shall order the defendant detained. *Id.* § 3142(e).  A finding on only one prong of §3142(e)–the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community–is necessary to impose detention. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) (citations omitted).  Pursuant to 18 U.S.C. § 3142(f), a court's finding that a defendant should be detained because no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence.

Having considered the pleadings, the transcript of the detention hearing, the exhibits, the memoranda submitted by counsel, and the factors set forth in 18 U.S.C. § 3142(g), the Court

finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

Accordingly,

**IT IS ORDERED** that defendant's motion is **DENIED** and defendant is detained without bond.

New Orleans, Louisiana, January ___5___, 2006.



_____
**LANCE M. AFRICK**
**UNITED STATES  DISTRICT  JUDGE**