UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| versus | No. 05-314 |
| HENRY A. DILLON, III | SECTION: I |

**ORDER AND REASONS**

Before the Court are three pre-trial motions filed by defendant, Henry A. Dillon, III. Defendant was charged on December 2, 2005, in a sealed two-count indictment.[1] The counts allege that defendant, while acting under color of state law as a deputy city attorney for the Parish of Orleans, sexually assaulted two women and thereby deprived them of their right to bodily integrity in violation of 18 U.S.C. § 242. On December 12, 2005, a detention hearing was held before United States Magistrate Judge Louis Moore, Jr. Based on the evidence presented at this hearing, Magistrate Judge Moore ordered that defendant be remanded because of the danger he posed to the community.[2] The detention order was upheld by this Court on January 6, 2006.[3]

---

[1]Rec. Doc. No. 1.

[2]Rec. Doc. No. 12.

[3]Rec. Doc. No. 24.

Defendant moves this Court to: (1) exclude evidence of extrinsic acts of alleged sexual abuse,[4] (2) dismiss the indictment based on misjoinder or, in the alternative, to sever the counts for trial,[5] and (3) dismiss the indictment based on the inapplicability of 18 U.S.C. § 242 or its unconstitutionality as applied.[6]

## I.  Exclusion of Evidence of Extrinsic Acts of Alleged Sexual Abuse

Defendant challenges the introduction of evidence relating to prior acts of sexual abuse that he allegedly committed.  Defendant contends that, while this evidence may be admissible pursuant to Rule 413 of the Federal Rules of Civil Procedure, the evidence should be barred by Rule 403[7] as overly prejudicial.

Rule 413, entitled "Evidence of Similar Crimes in Sexual Assault Cases," provides in pertinent part:

> (a) In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.
> . . . .
> (c) This rule shall not be construed to limit the admission or consideration of evidence under any other rule.

"[T]he legislative history of Rules 413-15 indicates that Congress intended to allow admission

---

[4] Rec. Doc. No. 51.

[5] Rec. Doc. No. 55.

[6] Rec. Doc. No. 61.  Defendant was permitted to refile his originally filed motion to correct several minor factual inaccuracies.  *See* Rec. Doc. No. 59.

[7] Rule 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

not only of prior convictions for sexual offenses, but also of uncharged conduct." *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 151 (3d Cir. 2002). Congress has not placed any time limit on evidence of prior sex offenses. *See* 140 Cong. Rec. H8992 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari) ("No time limit is imposed on the uncharged offenses for which evidence may be admitted; as a practical matter, evidence of other sex offenses by the defendant is often probative and admitted, notwithstanding very substantial lapses of time in relation to the charged offense or offenses."); 140 Cong. Rec. S12990 (daily ed., Sept. 20, 1994) (statement of Sen. Dole) (same); *see also United States v. Gabe*, 237 F.3d 954, 960 (8th Cir. 2001); *United States v. Larson*, 112 F.3d 600, 605 (2d Cir. 1997).

A court must judge the relevancy of evidence offered pursuant to Rule 413 by the standard explicated in the Supreme Court's *Huddleston v. United States* decision, 485 U.S. 681, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988), which the Ninth Circuit has explained:

> The Supreme Court's decision in *Huddleston v. United States*, which governs the admissibility of evidence under Rule 404(b), also controls the standard of proof required to admit evidence under Rules 413-415. In *Huddleston*, the Supreme Court held that the admissibility of other act evidence under Rule 404(b) is governed by Federal Rule of Evidence 104(b), the rule of conditional relevance. When determining whether there is sufficient evidence to satisfy Rule 104(b), the court is not required to make any preliminary finding that the government has proved the conditional fact. Instead, "the court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence."

*United States v. Norris*, 428 F.3d 907, 914 (9th Cir. 2005) (citations omitted). Other courts have similarly held that the admission of evidence of prior similar crimes and acts in sexual assault cases requires a court to apply the *Huddleston* standard. *See, e.g.*, *Johnson*, 283 F.3d at 144; *United States v. Castillo*, 140 F.3d 874, 882 (10th Cir. 1998). Considering the substantial testimonial evidence presented by the United States at defendant's detention hearing, as well as

3

the representations made by the United States in its submissions to this Court, the Court finds that a reasonable jury could find by a preponderance of the evidence that these acts were sexual assaults committed by the defendant.[8]  Therefore, at this stage of the proceedings, the Court finds evidence of defendant's prior sexual assaults to be relevant and admissible.

Evidence admissible pursuant to Rule 413 is still subject to the Rule 403 balancing test. *See United States v. Julian*, 427 F.3d 471, 487 (7th Cir. 2005) (citing *Johnson*, 283 F.3d at 155; *United States v. Mound*, 149 F.3d 799, 800-01 (8th Cir. 1998); *United States v. Guardia*, 135 F.3d 1326, 1330 (10th Cir. 1998)); 140 Cong. Rec. S12990 (daily ed., Sept. 20, 1994) (statement of Sen. Dole) ("In other respects, the general standards of the rules of evidence will continue to apply, including . . . the court's authority under evidence rule 403 to exclude evidence whose probative value is substantially outweighed by its prejudicial effect.").  While, as discussed *supra*, Congress did not intend that there be any strict time limit for the admission of past sexual offense evidence, the proximity in time of the prior sexual offense evidence to the acts charged may still factor into a court's Rule 403 determination.  *See Larson*, 112 F.3d at 605 ("The evaluation of the proffered evidence . . . must be made on a case-by-case basis to determine whether the significance of the prior acts has become too attenuated and whether the memories of the witnesses has likely become too frail. Neither Rule 403 nor any analogous Rule provides any bright-line rule as to how old is too old.").[9]

---

[8]Should the evidence be contrary to this finding at trial, the Court will take corrective action.

[9]In its proposed redraft of Rules 413-415, the United States Judicial Conference also considered proximity in time to be a factor, suggesting that Congress incorporate a provision that would permits courts, when weighing the probative value of past sexual offense evidence, to consider the "proximity in time to the charged or predicate misconduct."  Judicial Conference of

In accordance with Rule 413(b), the United States provided notice of its intent to bring proof of four prior sexual assaults committed by defendant.[10] Defendant objects to the admission of evidence relating to each alleged act. The Court will discuss the proffered evidence *seriatim*.

*A. Jane Doe Number 3 ("JD3")*

Defendant asks the Court to exclude evidence relating to his alleged sexual assault of witness JD3. The United States alleges that in August, 2004, JD3 met defendant when she appeared in municipal court in connection with several traffic tickets. Allegedly, defendant offered to have her tickets dismissed in exchange for $150 or sex; JD3 refused his offer. Later, JD3 met defendant at a store and accepted a ride home from him. He allegedly drove her to a secluded area and demanded sexual favors, threatening to throw her from his car. In fear, JD3 complied and manually masturbated defendant. Following the attack, the government claims that defendant kept calling JD3, demanding sex or more money because he fixed her tickets.

Defendant claims that these allegations do not bear sufficient similarity to the facts charged in the indictment to warrant admission. The Court, however, finds that this alleged attack has probative value relative to the question of whether the crime at issue in this case was committed under color of law and the consent issue. The Court is confident that any potential prejudice to the defendant can be effectively eliminated with instructions to the jury; therefore, evidence relating to the alleged sexual assault of JD3 will be admitted. The Court specifically finds that the probative value of the testimony offered by JD3 is not substantially outweighed by

---

the U.S., *Report of the Judicial Conference on the Admission of Character Evidence in Certain Sexual Misconduct Cases* (1995), reprinted in 159 F.R.D. 51, 51-54 (1995).

[10]Rec. Doc. No. 45.

the danger of unfair prejudice to the defendant and confusion of the issues.

*B. Jane Doe Number 2 ("JD2")*

Defendant objects to evidence relating to an alleged sexual assault on JD2. In September, 2004, JD2 was the victim in an assault case that defendant was prosecuting.[11] The United States alleges that defendant raped JD2 in his office after she requested monetary assistance in connection with a car accident. According to these allegations, the assault on JD2 occurred on the same couch as the attack charged in count one of the indictment.[12] The United States alleges that, during the assault, defendant told JD2 that he was a city attorney and could "destroy" her family.[13]

Defendant argues that the facts of this alleged assault are not sufficiently similar to the acts with which defendant is charged to warrant admission. The Court, however, finds that these allegations are markedly similar to the charges in the indictment. In particular, defendant allegedly made similar threats to the victim SC in count one of the indictment, telling SC that "if she told anybody about [the alleged attack] that he would come after her and come after her family," and that he would "fuck all y'all up."[14] Such testimony is also relevant to the consent and color of law issues present in this case. Finally, the Court notes that JD2 and JD3 (discussed *supra*) are allegedly similar in stature to the victims of the attacks charged in the indictment.[15]

---

[11]Rec. Doc. No. 13, Tr. of Detention Hr'g, p. 14.

[12]Rec. Doc. No. 13, Tr. of Detention Hr'g, p. 16.

[13]Rec. Doc. No. 45, pp. 2-3.

[14]Rec. Doc. No. 13, Tr. of Detention Hr'g, p. 12.

[15]Rec. Doc. No. 13, Tr. of Detention Hr'g, p. 20.

As stated above, the Court is confident that any potential prejudice to the defendant can be effectively eliminated with instructions to the jury. Therefore, evidence relating to alleged sexual assault on JD2 will be admitted. The Court specifically finds that the probative value of the testimony offered by JD2 is not substantially outweighed by the danger of unfair prejudice to the defendant and confusion of the issues.

*C. LC*

Defendant argues that evidence relating to his alleged sexual assault of witness LC is insufficiently similar to the assaults at issue in the instant case to warrant admission. The evidence alleges that, in September, 1998, defendant raped LC as they were watching television together. The United States notes that defendant had contact with LC because of his association with the Great Expectations Foundation where LC worked.

At defendant's detention hearing, an agent with the Federal Bureau of Investigation testified that LC felt intimidated by defendant when former New Orleans Mayor Mark Morial "publicly outed her as a rape victim . . . and to her that meant that Henry Dillon was a person with influence who wasn't afraid to use it and to use it to help get himself out of trouble."[16] The government also alleges that the manner in which defendant penetrated LC and the wrestling hold used to subdue LC were similar to the tactics used by defendant during the rapes charged in the indictment.

Although not dispositive of the issue, the fact that the alleged assault took place more than seven years ago weighs against admission. Moreover, the alleged assault on LC was not committed within the same factual context as those assaults charged in the indictment: other

---

[16] Rec. Doc. No. 13, Tr. of Detention Hr'g, p. 25.

than the fact that the government states that defendant was awarded his job at the foundation due to his "political contacts,"[17] there is little else to suggest that the alleged rape occurred under color of state law.[18]

The application of Rule 403 is difficult in this instance. The Court recognizes the strong legislative intent behind Rule 413 favoring the admission of such evidence. However, in view of the facts set forth above, as well as the fact that evidence as to JD2 and JD3 will be admitted, the Court finds that the probative value of the testimony offered by LC is substantially outweighed by the danger of unfair prejudice to the defendant and confusion of the issues. The Court reserves the right to take a different approach at trial once the defense's strategy has become clearer and the defendant, should he wish to do so, has the opportunity to present a defense. *See Luce v. United States*, 469 U.S. 38, 41-42, 105 S. Ct. 460, 463, 83 L. Ed. 2d 443, 448 (1984) ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.")

### D. LR

Defendant claims that the evidence of his alleged sexual assault of witness LR is tangential and overly prejudicial to his case. The evidence presented alleges that between 20 and 25 years ago, defendant sexually abused LR. At the time of these alleged sexual assaults, LR

---

[17] Rec. Doc. No. 63, pp. 4-5.

[18] The government makes vague allegations regarding a conspiracy to intimidate witness LC that was somehow linked to defendant's official authority as deputy city attorney. *See* Rec. Doc. No. 13, Tr. of Detention Hr'g, pp. 25-30. The Court does not find that these allegations create a sufficient inference that the alleged assault on LC was committed under color of law such that the probative value of this witness's testimony substantially outweighs its potential prejudice to defendant and confusion of the issues.

was between the approximate ages of 8 and 12 years. Now 32 years of age, LR testified that "I knew [defendant] knew a lot of people that were--that had . . . positions or whatever, and I was afraid he was going to come after me."[19] Defendant notes the substantial time that has elapsed between the alleged attack on LR and the instant assaults and argues that, because of this gap, LR will not be able to recall specific details about the abuse, which will limit her responses to cross-examination.

In view of the length of time that has elapsed between the alleged horrendous conduct and the rapes charged in the indictment, as well as the fact that there can be no issue as to whether LR consented to sexual relations with defendant due to her age, the Court agrees that the probative value of LR's testimony is substantially outweighed by its prejudice to defendant and confusion of the issues, and LR's testimony will be excluded. As stated previously, the Court reserves the right to take a different approach at trial once the defense's strategy has become clearer and defendant, should he wish to do so, has the opportunity to present a defense.

## II. Misjoinder and Severance

Defendant urges the Court to dismiss the indictment, arguing that the two counts against him were improperly joined. Rule 8(a) of the Federal Rules of Criminal Procedure permits the joinder of two or more counts against a defendant where "the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Defendant contends that, because evidence of the two crimes does not overlap, the United States lacks the requisite proof that the counts are of the "same or similar character" to support joinder.

---

[19]Rec. Doc. No. 13, Tr. of Detention Hr'g, pp. 112-13.

Rule 8(a) "is broadly construed in favor of initial joinder." *United States v. Blake*, 941 F.2d 334, 338 (5th Cir. 1991) (citing *United States v. Scott*, 659 F.2d 585, 589 (5th Cir. 1981)). "Generally, the propriety of joinder under Rule 8 is to be judged from the allegations of the indictment, which for these purposes are assumed to be true." *United States v. Chagra*, 754 F.2d 1186, 1188 (5th Cir. 1985) (citations omitted). "Joinder of charges is the rule rather than the exception . . . ." *United States v. Singh*, 261 F.3d 530, 533 (5th Cir. 2001) (citation omitted). When offenses are joined as having the "'same or similar character,' the offenses need only be similar in category, not in evidence." *United States v. Hersh*, 297 F.3d 1233, 1242 (11th Cir. 2002) (citing *United States v. Coleman*, 22 F.3d 126, 133 (7th Cir. 1994)). "[R]equiring too precise an identity between the character of the offenses would fail to give effect to the word 'similar' succeeding the word 'same' and thus violate an elementary rule of statutory construction." *Id.* (quoting *United States v. Werner*, 620 F.2d 922, 926 (2d Cir. 1980)) (internal quotations omitted).

The government cites to *Hersh*, a case in which the Eleventh Circuit rejected arguments similar to those defendant presents here. 297 F.3d at 1241-44. In *Hersh*, the defendant had been convicted of possessing child pornography and conspiring to travel in foreign commerce with the intent to engage in sexual acts with a minor, *inter alia*. On appeal, the defendant argued that the trial court erred when it permitted joinder of the child pornography and conspiracy to travel counts because there was no evidentiary overlap between the charges and because they were "distinct in subject and time." *Id.* at 1241. The appellate court parsed the language of Rule 8(a) and found that these crimes, which both involved the "extraordinary mistreatment of children," were of similar character sufficient to permit joinder. *Id.*

10

The Court finds that the two counts in the indictment are properly joined. The alleged rapes detailed in the indictment took place at the same location and occurred within a few months of each other. The Court also takes note of the fact that the alleged rapes involve the same statute and similar conduct, namely, the sexual assault of women under color of law.

Defendant next argues that, even if the counts in the indictment are not dismissed for improper joinder, the counts should be severed and each charge brought at a separate trial because of the risk of prejudice. Defendant states that the joinder of the two sexual assault crimes will create an impermissible inference that defendant has a propensity to commit such crimes.

Rule 14 of the Federal Rules of Criminal Procedure instructs that, "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." "The burden of demonstrating prejudice is a difficult one . . . . The defendant must show something more than the fact that a separate trial might offer him a better chance of aquittal." *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994) (quoting *United States v. Park*, 531 F.2d 754, 762 (5th Cir. 1976)).

The Court does not find that joinder of these alleged crimes will cause a substantial or clear risk that defendant's right to a fair trial or any other specific trial right will be compromised or that the joinder of these offenses will preclude the jury from arriving at a reliable verdict. *See Hersh*, 297 F.3d at 1243-44 (holding that motion to sever was not wrongly denied where facts did not suggest any prejudice or confusion from the joint charges and where district court had affirmatively acted to mitigate any possible prejudice resulting from the joinder). Any potential

11

prejudice created by the joinder of these charges can be cured by effective jury instructions. *See United States v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995) (citing *Zafiro v. United States*, 506 U.S. 534, 113 S. Ct. 933, 939, 122 L. Ed. 2d 317 (1993)). Furthermore, in light of the intention of the United States to present evidence of other similar crimes pursuant to Rule 413 of the Federal Rules of Evidence, the joinder of these two counts will help to conserve judicial resources and avoid inconveniencing witnesses who would otherwise be called twice to deliver the same testimony.

### III. Applicability of 18 U.S.C. § 242

In this motion, defendant first argues that the prosecution's case somehow infringes on the autonomy of Louisiana by charging crimes better suited to a state court. The Court agrees with the United States, however, that the remedy afforded by 18 U.S.C. § 242 is supplementary and does not supplant the remedy available under state law. *See United States v. Causey*, 185 F.3d 407, 437 (5th Cir. 1999) (Dennis, J., concurring) (quoting *Brazier v. Cherry*, 293 F.2d 401, 404-05 (5th Cir. 1961), for the proposition that 18 U.S.C. § 242 is a "federal remedy . . . supplementary to the State and the state remedy need not be first sought and refused before the federal one is invoked").

Defendant next argues that the United States has not brought sufficient evidence to show that the crimes with which he is charged were committed under color of law as required by § 242.[20] The "under color of law" clause refers to offenses committed with the "misuse of power,

---

[20] 18 U.S.C. § 242 provides, in pertinent part, "[w]hoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed

possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368, 1383 (1941). More simply, "under color of law means under 'pretense' of law." *Screws v. United States*, 325 U.S. 91, 111, 65 S. Ct. 1031, 1040, 89 L. Ed. 1495, 1508 (1944). A state actor who acts for purely personal reasons, but by virtue of some state authority, may still be found to have acted under color of law. *Brown v. Miller*, 631 F.2d 408, 411 (5th Cir. 1980); *see also Griffin v. Maryland*, 378 U.S. 130, 135, 84 S. Ct. 1770, 1773, 12 L. Ed. 2d 754, 757 (1964) ("If an individual is possessed of state authority and purports to act under that authority, his action is state action. It is irrelevant that he might have taken the same action had he acted in a purely private capacity or that the particular action which he took was not authorized by state law.").

The offense charged in count one of the indictment involves an alleged sexual assault on a woman whose interaction with defendant stemmed from a state court criminal proceeding in which he was acting in his official capacity as deputy city attorney.[21] The government contends that, during the assault, defendant invoked the authority of his position to threaten the alleged victim.[22] In the assault charged in the second count, the government contends that defendant

---

in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death."

[21]Rec. Doc. No. 13, Tr. of Detention Hr'g, p. 10.

[22]Rec. Doc. No. 13, Tr. of Detention Hr'g, p. 12; *see also supra* Part I.B.

made similar threats related to his authority as deputy city attorney.[23]  Considering these facts, the parties' briefs, and the testimony given at defendant's detention hearing, the Court finds that there is sufficient evidence proffered for a jury to find that defendant acted under color of law.  If it later appears that the United States has not carried its burden of production with regard to this issue, defendant may then make a timely motion for dismissal.

Accordingly,

**IT IS ORDERED** that defendant's motion to exclude evidence is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss the indictment based on misjoinder or, in the alternative, to sever the counts for trial is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss the indictment based on the inapplicability of 18 U.S.C. § 242 or its unconstitutionality as applied is **DENIED**.

New Orleans, Louisiana, April __7th__, 2006.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[23]Rec. Doc. No. 13, Tr. of Detention Hr'g, p. 19 ("[Defendant] told her to stop acting like a baby and that he could pick up the phone and have anybody that he wanted arrested.").